IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| HSBC Bank USA, N.A., as Trustee of the Fieldstone Mortgage Investment Trust, Series 2006-2, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 13 CV 7258 |
| v. | ) ) | *Hon. Frederick J. Kapala* |
| Nancy Culbertson and Timothy C. Culbertson, | ) ) | |
| Defendant. | ) | |

**DEFENDANTS' MEMORANDUM IN RESPONSE TO
ISSUES RAISED BY THE COURT**

Now come the Defendants, Nancy Culbertson and Timothy C. Culbertson, by and through

their attorney, Timothy C. Culbertson, and for their Memorandum in Response to Issues Raised by

the Court regarding Plaintiff's Motion for Summary Judgment, state as follows:

**A.** *The Endorsement On The Note Is Not A Fresh Transfer*.

The first issue raised by the Court is whether the endorsement appearing on the last page of

the Note indicates that Plaintiff came into actual possession thereof at a point later than the filing of

the previous action between the Parties. Defendants have in fact denied in answer to the current

Complaint that Plaintiff is the holder of the Note, and Plaintiff has not explained when it did come

into possession of the original Note. However, Defendants do not believe that whether Plaintiff had

actual possession thereof on the date of the filing of the former case is the appropriate time-frame

for the determination of this issue. Rather, the date upon which the McHenry County Court made

the finding that Plaintiff lacked standing, September 26, 2012, is the effective date for the purposes

of this action. This is because in Illinois a foreclosure plaintiff is not required to demonstrate its

standing through actual possession of a note unless and until the issue is raised by the defendant.

*See, e.g.,* First Federal Sav. and Loan Assn. of Chicago v. Chicago Title and Trust Co., 155 Ill. App. 3d 664, 665-666, 508 N.E.2d 287, 288-289 (1st Dist. 1987).

As set forth in Defendants' Response to the current Motion, "[u]nder Illinois law, lack of standing is an affirmative defense, which is the defendant's burden to plead and prove. While a lack of subject matter jurisdiction cannot be forfeited a lack of standing will be forfeited if not raised in a timely manner in the trial court." Lebron v. Gottlieb Memorial Hospital, 237 Ill.2d 217, 252-253, 930 N.E.2d 895, 916 (2010). Accordingly, and unlike under federal law, an Illinois litigant that otherwise lacks standing to pursue a cause of action can seek and procure a judgment, and if the issue of standing is not raised that judgment is not void and subject to collateral attack for want of subject matter jurisdiction in the issuing court. "Standing is an affirmative defense and, as such, it is the defendant's burden to prove that the plaintiff does *not* have standing. It is not the plaintiff's burden to prove it does have standing. The mere fact that a copy of the note is attached to the complaint is itself *prima facie* evidence that the plaintiff owns the note." Parkway Bank and Trust Co. v. Korzen, 2013 IL App. 130380 ¶ 24, 2 N.E.3d 1052, 1066 (1st Dist. 2013).

The *Korzen* Court went on to explain that "[f]or over 25 years, the Foreclosure Law has been interpreted as *not* requiring plaintiffs' production of the original note, nor any specific documentation demonstrating that it owns the note or the right to foreclose on the mortgage, other than the copy of the mortgage and note attached to the complaint." *Id.,* 2013 IL App. 130380 ¶ 26, 2 N.E.3d at 1066. However, the *Korzen* Court further noted, at footnote 4 of the opinion, that as of May 1, 2013, a date prior to the filing of the current case, Illinois Supreme Court Rule 113(b) requires that the copy of the note attached to a foreclosure complaint must be a copy of the note as it currently exists, together with indorsements and allonges, but not necessarily assignments. Accordingly, for the purposes of the current Motion, if it can be shown, as it can be, that Plaintiff in fact was in possession of the Note

2

with the endorsement thereon as of the date of the dismissal of the McHenry Action, there is no new case for *res judicata* purposes implicated by its inclusion in the current case.

Plaintiff was neither required to attach a true and accurate copy of the Note as it then existed nor to produce the original Note in the prior action until the issue was raised via Defendants' Motion for Summary Judgment. There is evidence to suggest that Plaintiff was in fact possessed of the original Note at the time of the dismissal, and Plaintiff simply failed to convince Judge Meyer of that possession which resulted in the finding of lack of standing. First, the endorsement at issue, which is undated, had to be placed on the Note prior to 2009. Defendants request that the Court take judicial notice pursuant to FRE 201(b) of the following facts: (1) that the original Note holder, Fieldstone Mortgage filed for relief under Chapter 11 of the U.S. Bankruptcy Code on November 23, 2007, in the U.S. Bankruptcy Court for the District of Maryland Case No. 07-21814. On January 10, 2008, Fieldstone filed a Motion in its Bankruptcy case seeking leave to implement an employee incentive program in order to retain certain employees, a true and correct copy of which is attached hereto as <u>Exhibit A</u>. Pursuant to that Motion, certain remaining employees of Fieldstone were to receive a bonus in the event they continued their employment in winding up the business' affairs until specific benchmark dates (at ¶ 12). As to the person who executed the endorsement at issue in this case, Aletha Clyburn, pursuant to Exhibit A of the Motion she was only to remain with

Fieldstone through December 31, 2007.[1]  Accordingly, the endorsement must have been on the Note prior to the filing of the McHenry County Action.

Also, as related in Response to the current Motion, in the prior case Defendant issued various discovery requests to the Plaintiff.  Pertinent to the current issue, on July 29, 2008, Defendants issued a Request to Produce Documents ("RTP") to the Plaintiff through its first set of attorneys.  On July 31, 2012, according to the shipping label, Plaintiff finally tendered a box of documents to the Defendants in response to the RTP.  Among the numerous documents contained in the box are both a copy of the Note without the endorsement, and more importantly a copy of the Note with the endorsement.  In furtherance of the foregoing, the Affidavit of Timothy C. Culbertson is attached hereto as Exhibit B.  The box of documents is available for inspection at Plaintiff's request.  Accordingly, Plaintiff must have been in possession of the Note as endorsed on the date the prior case was dismissed, and the copy attached to the current Complaint cannot demonstrate a subsequent transfer of the Note to Plaintiff.

Instructive on this point is National Recovery Limited Partnership v. Pielet, 306 Ill. App. 3d 686, 714 N.E.2d 598 (2nd Dist. 1999).  In *Pielet,* the plaintiff had brought suit in 1995 on a note that had been assigned to it by the original holder thereof.  However, the trial court determined the original assignment to be defective and dismissed the case on that basis notwithstanding that plaintiff was in actual possession of the note.  After the dismissal of the original case, in 1996, the plaintiff

---

[1]     Defendants have been able to locate Ms. Clyburn, who corroborated in conversation the fact that she was not employed at Fieldstone past 2007, as well as providing other pertinent information regarding the endorsement.  However, she was not willing to supply an Affidavit.  Counsel also communicated with Fieldstone's bankruptcy attorney who likewise had valuable information but would not consent to supplying an Affidavit.  The schedule set by the Court for this response simply did not allow sufficient time to issue appropriate Subpoenas to these persons, and the importance of the information they might provide was not apparent until the Court raised the issue as to the endorsement on the Note.  In the event that more information is needed to demonstrate that the endorsement must have been on the Note well prior to 2009, Defendants believe that additional time should be allowed to gather the pertinent information.

procured a new assignment of the note and re-filed the case in June of 1997. The trial court determined that the dismissal of the previous case was *res judicata* and therefore dismissed the second lawsuit. The *Pielet* Court determined that the subsequent assignment of the Note negated the finding that the two lawsuits were the same for *res judicata* purposes under both the "same evidence" and "transactional" approaches utilized by Illinois Courts.

In the current case, at a minimum there is an issue of fact as to when Plaintiff came into possession of the Note as endorsed such that summary judgment should not be granted on this basis. "In considering motions for summary judgment, courts must bear in mind that summary judgment is a form of relief which should be applied with caution to the end that litigants be allowed a trial on bona fide factual issues. Where, as here, inferences are drawn from admitted underlying facts, those inferences must be drawn in the light most favorable to the party against whom the motion is directed and it is the duty of the court to resolve all doubts as to the existence of genuine issues of material facts against the party moving for summary judgment." International Assn. of Machinists and Aerospace Workers v. J. L. Clark Company, 471 F.2d 694 (7th Cir. 1972). The evidence demonstrates that the endorsement was already on the Note at the time the original case was filed in McHenry County. As the endorsement pre-dated the filing of the original case, it cannot now form the basis of a fresh or subsequent transfer of the Note to Plaintiff by the original holder. Plaintiff has not alleged, nor has it provided any evidence, that it procured the endorsement of the Note subsequent to the dismissal of the former action. Accordingly, the endorsement cannot form the basis of the determination that this case is not the same as the prior action for *res judicata* purposes.

**B.** *Illinois Law Relating to Installment Payments Is Either Not Applicable to this Matter or Restricts the Damages Available to Plaintiff.*

The second issue raised by the Court in this matter posits that the Plaintiff may prevail on its Complaint on installments on the Note that became due after the filing of the McHenry County Action. In this regard, the Court cites Brown v. Charlestowne Group, Ltd., 221 Ill. App. 3d 44, 581 N.E.2d 831 (2ⁿᵈ Dist. 1991). However, the *Charlestowne Group* decision did not involve a mortgage foreclosure action, and there was no discussion in that opinion as to the concept of acceleration as was alleged by Plaintiff in the former case and in this case as well. In fact, none of the case law to be found under the West keynote found in the headnotes applicable to this issue in *Charlestowne Group* deal with a foreclosure case and also do not discuss the issue of acceleration as relates to the installment theory. Once again, if this theory in fact applies to this action, the effective date for determining what is due to Plaintiff should be the date of the dismissal of the former case. This is because in both cases the Plaintiff has elected acceleration as the basis for the amount it claims as due and has requested amounts that become due during the course of the case for interest and other advances be included in the ultimate judgment.[2]

In the McHenry Action, at Paragraph 3(l) of the Complaint, Plaintiff alleged as follows:

(l) Statement as to amount now due: After all payments received have been applied, mortgagors are now in default for the monthly payments for August 2008 through the present; the balance due on the Note and the Mortgage is the total of the principle balance of $204,964.81, plus interest, costs and fees, and advances if any, made by the plaintiff. The per diem interest rate is $51.24.

In the current case, Plaintiff alleges at Paragraph 9(j) of its Complaint as follows:

---

[2]    The McHenry County Action was filed in January, 2009, and because of Plaintiff's twice changing attorneys and failure to timely respond to discovery requests was not dismissed until September, 2012. Defendants should not be penalized for Plaintiff's failure to diligently pursue the McHenry County Action by imposition of amounts that became due during that time.

(j) Statement as to defaults: The Mortgage is in default due to the failure of the mortgagor(s) to pay the monthly installments of principal, interest, and taxes, from 08/01/2008 through the present. There remains an outstanding principal balance of $204,964.81 with interest accruing on the unpaid principal balance at $49.60 per day, plus attorney's fees, foreclosure costs, late charges, advances, and expenses incurred by the Plaintiff as a result of the default.

Plaintiff accordingly has not pleaded a cause based upon installments becoming due after the dismissal of the prior action. Rather, in both cases Plaintiff alleged the exact same balance due. As the Note endorsement does not implicate a new transfer thereof to Plaintiff, and the amount claimed as due by Plaintiff is the same in both cases, Defendants do not believe that the theory set forth in the *Charlestowne Group* opinion can have any impact on this matter.

However, if the Court determines that the installment theory does prevail in this matter, summary judgment as requested by Plaintiff cannot be had as it is seeking the damages it might have had in the McHenry County Action contrary to the installment theory. On or about August 24, 2009, Plaintiff filed a Motion for Summary Judgment in the McHenry County Action which was supported by an Affidavit, a true and correct copy of which is attached hereto as Exhibit C. That Affidavit alleged that as of June 17, 2009, the amount due and owing to Plaintiff was $228,555.03. Had the disposition of the McHenry County Action been in Plaintiff's favor, according to the per diem interest rate set forth in that Complaint, as of September 26, 2012, and additional $61,334.28 of interest would have accrued, and in all likelihood Plaintiff would have other additions to the judgment amount. In the current case, Plaintiff's damages on summary judgment, which include all of the damages it might have had through the McHenry County case, is alleged to be $370,454.05. Accordingly, if the installment or subsequent obligation theory is applicable to this case the amount sought by Plaintiff must be reduced by at least $289,889.31, being the damages it claimed in the former action plus accrued interest.

**C.** *Conclusion.*

Defendants do not believe that either of the issues raised by the Court on Summary Judgment should allow for Plaintiff to prevail on its Motion for Summary Judgment. The endorsement on the Note existed at the time of the former action, and Plaintiff was possessed thereof. This is a case akin to a matter in which a plaintiff has failed to prove an essential element of its cause of action by not presenting evidence that was otherwise available to it during trial or on summary judgment. In that situation, the plaintiff does not get another bite at the apple. This case is essentially the same and the same result should follow. For this same reason, the installment issue raised by the Court should also not apply in this case. In both the former case and this action, Plaintiff based its damages on the concept of acceleration, and not specific installments, interest and advances that came due at various points in time. Accordingly, the damages alleged in both cases are the same, and *res judicata* should bar all of them. However, if the Court determines otherwise, the damages available to Plaintiff in this matter must accordingly be reduced by the amount Plaintiff might have realized in the former case had it prevailed.

Wherefore, the Defendants, Nancy Culbertson and Timothy C. Culbertson, pray that this Court deny any and all relief sought by Plaintiff by and through its Motion for Summary Judgement, and provide to Defendants' favor all further relief as is just and equitable.

Nancy Culbertson and Timothy C. Culbertson

By:    /s/   Timothy C. Culbertson
                Their Attorney

Timothy C. Culbertson
ARDC No. 6229083
1107 Lincoln Avenue
Fox River Grove, Illinois 60021
(847) 913-5945

8