IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| HSBC Bank USA, N.A., as Trustee of the Fieldstone Mortgage Investment Trust, Series 2006-2, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 13 CV 7258 |
| v. | ) ) | *Hon. Frederick J. Kapala* |
| Nancy Culbertson and Timothy C. Culbertson, | ) ) | |
| Defendant. | ) | |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S
MOTION TO CONFIRM FORECLOSURE SALE**

Now come the Defendants, Nancy Culbertson and Timothy C. Culbertson, by and through

their attorney, Timothy C. Culbertson, and for their Memorandum in Opposition to Plaintiff's

Motion to Confirm the Foreclosure Sale in this matter, state as follows:

1.       Plaintiff's current Motion to Confirm the sale of the subject property which was

apparently held on October 26, 2015, should be denied entirely, or at least not confirmed in

accordance with Plaintiff's various requests for relief.

2.       First and foremost, as this case is controlled y the Illinois laws relating to mortgage

foreclosure, it is necessary to review those statutes applicable to Plaintiff's current request.  Section

5/15-1508 of the Illinois Mortgage Foreclosure Law ("IMFL") provides in most relevant part as

follows:

> (b) Hearing.  Upon motion and notice in accordance with court rules applicable to motions
> generally, which motion shall not be made prior to sale, the court shall conduct a hearing to
> confirm the sale. Unless the court finds that (i) a notice required in accordance with
> subsection (c) of Section 15-1507 was not given, (ii) the terms of sale were unconscionable,
> (iii) the sale was conducted fraudulently, or (iv) justice was otherwise not done, the court
> shall then enter an order confirming the sale.

735 ILCS 5/15-1508(b). "The trial court has broad discretion to approve or disapprove a judicial foreclosure sale made at its direction." *JP Morgan Chase Bank v. Fankhauser*, 383 Ill. App. 3d 254, 263, 890 N.E.2d 592, 602 (2nd Dist. 2008). Subsection (c) of Section 15-1507 of the IMFL provides in most relevant part as follows:

> The party who gives notice of public sale in accordance with subsection (c) of Section 15-1507 shall also give notice to all parties in the action who have appeared and have not theretofore been found by the court to be in default for failure to plead. Such notice shall be given in the manner provided in the applicable rules of court for service of papers other than process and complaint, not more than 45 days nor less than 7 days prior to the day of sale. After notice is given as required in this Section a copy thereof shall be filed in the office of the clerk of the court entering the judgment, together with a certificate of counsel or other proof that notice has been served in compliance with this Section.

735 ILCS 5/15-1507(c)(3).

3. The first basis upon which Plaintiff's sale cannot be confirmed is that neither Plaintiff nor the selling officer provided the notice required by Section 1507(c)(3) to the Defendants or even their attorney in this matter. Neither has Plaintiff filed any certificate with respect to that obligation as would be required had Plaintiff ensured that proper notice was provided in the first place. Section 1508(b) of the IMFL is clear: "Unless the court finds that (i) a notice required in accordance with subsection (c) of Section 15-1507 was not given, . . . or (iv) justice was otherwise not done, the court shall then enter an order confirming the sale." In this case, the Court must conclude that a required notice was not given, because it was not given, and accordingly justice has not been done. As such, the Plaintiff's current motion should be denied.

4. With regard to the balance of Plaintiff's requests via the current Motion, a review of the extensive background of this case is warranted. On January 22, 2009, seven years ago, this same Plaintiff filed the same mortgage foreclosure action against these same Defendants in the Circuit Court of McHenry County, Illinois, Case No. 09 CH 169. On October 15, 2009, Defendants brought

2

their Motion to Compel Plaintiff to respond to outstanding discovery requests, which Motion was granted. Rather than respond to the outstanding discovery requests, Plaintiff's original attorneys chose to voluntarily dismiss the action without notice to Defendants on July 7, 2010, a date on which the case was not scheduled to be before the Court. The Plaintiff's original attorneys included language in the dismissal order allowing for reinstatement of the case notwithstanding there was no agreement for such by Defendants, nor any valid reason to allow for such. On August 30, 2011, and over Defendants' objections, the Court granted Plaintiff's new and second set of attorneys' Motion to reinstate the case.

On July 9, 2012, Plaintiff's second set of attorneys were allowed to withdraw from the case, but made no request for any extension of time to respond to the outstanding discovery requests of the Defendants. Rather, the attorney who appeared for Plaintiff on that date stated that new counsel was in the process of preparing responses to the still outstanding discovery requests. On or about July 5, 2012, Plaintiff's third set of attorneys tendered to Defendants a copy of their Appearance, a Notice of Filing and an unverified Reply to Defendants' Affirmative Defenses. Defendant filed their Motion for Summary Judgment in the McHenry Action on July 23, 2012, Defendants' Summary Judgment Motion was premised on Plaintiff's lack of standing as Plaintiff had admitted that it did not possession of the underlying Note and Mortgage by virtue of having failed to respond to Defendant's Illinois Supreme Court Rule 216 Request for Admissions of Fact.

Plaintiff filed a Response to the McHenry SJM on or about July 27, 2012, and Defendants filed their Reply on August 21, 2012. At the hearing scheduled for the McHenry, on September 5, 2012, Plaintiff was granted additional leave to Respond in writing to the SJM and Plaintiff filed that

brief on September 12, 2012. Defendant's filed their Sur-Reply brief on September 19, 2012.[1] On September 26, 2012, the McHenry SJM was scheduled before the Court for hearing. However, Plaintiff's counsel did not attend Court on that date. Nonetheless, Judge Meyer made the following finding:

> I have no knowledge as to why they aren't here. So at the very least—and they have conceded that the request to admit establishes they did not have actual possession of the note, nor did they have—nor do they have possession of the note at this time. Consequently, at the very least, their complaint should be stricken because they had no standing to file it.

Accordingly, Judge Meyer granted Defendants' Motion for Summary Judgment and dismissed Plaintiff's Complaint in that matter.

On October 10, 2013, more than one year after the dismissal of the McHenry County Case, Plaintiff filed the current case, although Summons was not issued until January 30, 2014. On February 21, 2014, Defendants filled their Answer to the Complaint, and nothing further happened until almost another had passed when Plaintiff filed its motion for Summary Judgment on February 5, 2015. Now, after the passing of yet another year, Plaintiff is seeking to have the sale that was not properly noticed confirmed by the Court. Accordingly, due to Plaintiff's complete lack of diligence in pursuing this matter, it has been pending for seven years.

5. Plaintiff's Motion also cannot be confirmed, at least as requested , as it requests a significant deficiency judgment against Defendants. In this regard, Section 1508 of the IMFL provides in relevant part as follows:

> In any order confirming a sale pursuant to the judgment of foreclosure, the court shall also enter a personal judgment for deficiency against any party (i) if otherwise authorized and (ii) to the extent requested in the complaint and proven upon presentation of the report of sale in accordance with Section 15-1508.

---

[1] In support of the foregoing facts, see the Affidavit of Timothy C. Culbertson, Docket No. 29, Exhibit B.

735 ILCS 5/15-1508(e). The key to this case is sub-paragraph (e)(i) which only allows for a deficiency judgment "if otherwise authorized." This term is recognized by Illinois practitioners as requiring specific authorization for a deficiency judgment in the mortgage being foreclosed.

> As to 5/15-1508(e)(i), although the language utilized is different from mortgage to mortgage, one common clause is "[i]f permitted by applicable law, Lender may obtain a judgment for any deficiency remaining in the Indebtedness due to Lender after application of all amounts received from the exercise of the rights provided in this section" In the absence of specific deficiency language, the "Rights and Remedies on Default" clause may simply give to the Bank "…any other rights or remedies provided by law" upon default.

*Taking Deficiency Judgments in Foreclosure,* The newsletter of the ISBA's Commercial Banking, Collections, and Bankruptcy Section, July 2011, vol. 56, no. 1.

In the current case, there is no authorization in the Mortgage, attached hereto as <u>Exhibit A</u>, evenly tacitly, for the imposition of a deficiency judgment. Section 22 of the Mortgage is the only provision that touches upon defaults and remedies, and none of the remedies available to Plaintiff include a personal deficiency judgment. Rather, the Mortgage only allows foreclosure. Accordingly, Plaintiff simply can have no deficiency judgment in this case. Further, Illinois courts have refused to issue deficiency judgments under their inherent equitable powers and in conjunction with their discretion to refuse to confirm a sale where the court has found that justice was otherwise not done as set forth in Section 1508(b)(4) of the IMFL. In this case, the alleged deficiency consists almost entirely of interest that would never had accrued had Plaintiff not slept on its rights in this case for seven years. To allow a Plaintiff to create a deficiency by prolonging the proceedings for an extreme period of time is anything but equitable, and this Court should decline to grant any deficiency judgment in this matter.

6.      Finally, Plaintiff asks for an order of possession effective 30 days after the Confirmation Order.  Defendants believe that no such Order should enter in any event, but if it is request that the possession order be extended.  Section 1508 of IMFL provides in full as follows:

> The order confirming the sale shall include, notwithstanding any previous orders awarding possession during the pendency of the foreclosure, an award to the purchaser of possession of the mortgaged real estate, as of the date 30 days after the entry of the order, against the parties to the foreclosure whose interests have been terminated.

735 ILCS 5/15-1508(e).  However, once again, Defendants believe that the Court's inherent equitable authority allows for the expansion of the thirty day provision.  In this regard, Defendants request that if the sale is confirmed over their objection, the possession order be stayed through the end of June, 2016, to allow the minor children living at the residence to finish the current school year without having to move.  The requests seeks an additional 90 days beyond that which is set forth in the Statute.  However, as clearly demonstrated above, this case has been pending for more than seven years at this point due to Plaintiff's lack of diligence.  It accordingly does not seem overly onerous to at least require Plaintiff to wait just a bit longer.

Wherefore, the Defendants, Nancy Culbertson and Timothy C. Culbertson, pray that this Court deny any and all relief sought by Plaintiff by and through its Motion to Conform the Sale, or to enter the same with modifications as set forth herein above, and provide to Defendants' favor all further relief as is just and equitable.

Nancy Culbertson and Timothy C. Culbertson

By:   /s/   Timothy C. Culbertson
                   Their Attorney

Timothy C. Culbertson
ARDC No. 6229083
1107 Lincoln Avenue
Fox River Grove, Illinois 60021
(847) 913-5945

6