# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HSBC Bank USA, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No: 13 C 7258 |
| | ) | |
| Nancy Culbertson, et al., | ) | |
| | ) | |
| *Defendants*. | ) | Judge Frederick J. Kapala |

## ORDER

Plaintiff's motion for order approving report of sale and distribution, confirming sale and order of possession [55] is denied and the sale is vacated. Plaintiff may reinstate proceedings for judicial sale in compliance with all applicable statutes.

## STATEMENT

In this mortgage foreclosure case, this court entered summary judgment in favor of plaintiff, HSBC Bank USA, and against defendants, Nancy and Timothy C. Culbertson, on June 22, 2015. The court entered a judgment of foreclosure on July 23, 2015. On the same date, the court appointed a special commissioner pursuant to 735 ILCS 5/15-1506 and 28 U.S.C. § 2001(a) for the purpose of conducting a public foreclosure sale. On October 22, 2015, a notice of special commissioner's sale was filed giving public notice that on October 2, 2015, an obviously erroneous date, the special commissioner would offer the subject property for sale at the front door of the McHenry County Courthouse. This notice was electronically served on Timothy C. Culbertson.

On February 2, 2016, plaintiff filed the instant "motion for order approving report of sale and distribution, confirming sale and order of possession" indicating that the property was sold to plaintiff on October 26, 2015. The certificate of publication referenced in the report of sale provides public notice of a sale on October 26, 2015.

The court is to enter an order confirming the sale unless, among other things, the court finds that "a notice required in accordance with subsection (c) of Section 15-1507 was not given." 735 ILCS 5/15-1508(b)(i). In turn, § 15-1507(c)(3) provides:

> The party who gives notice of public sale in accordance with subsection (c) of Section 15-1507 shall also give notice to all parties in the action who have appeared and have not theretofore been found by the court to be in default for failure to plead. Such notice shall be given in the manner provided in the applicable rules of court for service of papers other than process and complaint, not more than 45 days nor less than 7 days prior to the day of sale. After notice is given as required in this Section

a copy thereof shall be filed in the office of the clerk of the court entering the judgment, together with a certificate of counsel or other proof that notice has been served in compliance with this Section.

735 ILCS 5/15-1507(c)(3).

In response to defendants' objection that the foregoing notice provision has not been complied with, plaintiff has filed another notice of special commissioner's sale providing public notice of an October 26, 2015 sale. This corrected notice, however, does not demonstrate compliance with § 15-1507(c)(3) because there is no proof of timely service of it on defendants "not more than 45 days nor less than 7 days prior to the date of sale." Instead, there is only proof that on October 22, 2015, a notice of a sale that allegedly occurred on October 2, 2015, was electronically given to Timothy Culbertson. Even if the date on that notice of sale was correctly listed as October 26, 2015, the notice still would have been served three days too late. For this reason, plaintiff's motion for order approving report of sale and distribution, confirming sale and order of possession is denied.

Defendant has also objected to plaintiff's request for a deficiency judgment arguing that, pursuant to 735 ILCS 15-1508(e), the mortgage must provide for such a judgment before it can be entered. In response, plaintiff argues that in the note executed by defendants they personally guaranteed the repayment of the amounts due and the terms thereunder. The note provides in pertinent part:

### 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed.

Although it appears that defendants are personally obligated under the note, before the court will grant a motion to confirm a subsequent sale which also seeks entry of a deficiency judgment it will require authority indicating that a personal obligation under a note satisfies § 15-1508(e). Thus, the motion to confirm sale is denied and the sale is vacated.

Date: 3/24/2016                                          ENTER:

_____
FREDERICK J. KAPALA

District Judge

2